NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4802-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GREGORY J. PARKHILL,

    Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **November 25, 2019**
>
> **APPELLATE DIVISION**

Argued October 2, 2019 – Decided November 25, 2019

Before Judges Ostrer, Vernoia and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-07-2155.

Eric R. Foley argued the cause for appellant (Afonso Archie Foley, PC, attorneys; Eric R. Foley, of counsel and on the briefs).

Nancy Philion Scharff, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Jill S. Mayers, Acting Camden County Prosecutor, attorney; Nancy Philion Scharff, of counsel and on the brief).

The opinion of the court was delivered by

OSTRER, J.A.D.

In defendant's trial for second-degree reckless vehicular homicide, N.J.S.A. 2C:11-5(a), a State police expert opined that defendant was speeding when he struck a pedestrian. The victim tried to traverse the road outside the crosswalk, while defendant and other oncoming drivers had a green light. Based on the victim's actions and defendant's contention that the victim caused the accident, the court should have delivered the model jury charge on causation, consistent with N.J.S.A. 2C:2-3(c). The court also should have instructed the jury, as defendant requested, that the motor vehicle code requires pedestrians outside a crosswalk to yield to vehicles in the roadway. See N.J.S.A. 39:4-36(a)(4). As the trial court did not do so, we reverse.

Defendant raises the following points on appeal:

POINT I

THE COURT COMMITTED REVERSIBLE ERROR BY PROVIDING THE JURY FAULTY, INCOMPLETE AND INCORRECT JURY INSTRUCTIONS RESULTING IN THE DEFENDANT BEING DENIED A FAIR TRIAL.

A. The Court committed reversible error by failing to charge the jury regarding causation both with the model jury charge and the law pursuant to N.J.S.A. 39:4-36.

B. The court committed reversible error by failing to inquire with the jury whether further deliberations would be futile after the jury informed the court for a second time it could not reach a verdict.

C. The court committed plain error when it failed to accurately respond to the jury's request to clarify the law on recklessness.

POINT II

THE DEFENDANT WAS DENIED A FAIR TRIAL BECAUSE TRIAL COUNSEL WAS INEFFECTIVE.

As we decide defendant's appeal based on the flawed jury instruction, we do not reach defendant's ineffective-assistance-of-counsel claim, and his challenge to the trial judge's responses to the jury's report of a deadlock and its question about recklessness.

The tragic collision between the vehicle defendant operated and the pedestrian occurred during morning rush hour on eastbound Route 70 in Cherry Hill. To estimate defendant's speed, the police expert analyzed a Department of Transportation video recording of the collision, which the jury viewed. The expert estimated that defendant was going over 80 m.p.h. in a 45 m.p.h. zone. The State also presented evidence that another driver had irritated defendant by turning onto Route 70 in front of him. Defendant then tailgated the other driver in the left lane as they sped through an intersection with a green light. As the pedestrian quickly crossed the roadway, the other driver moved to the right, and was able to avoid the pedestrian. Not so, defendant.

At trial, defendant minimized his speeding. He estimated he was just 5 or 10 m.p.h. over the limit. He also denied tailgating or road rage. Defendant said he did not expect anyone would cross the roadway where the victim did, against the light, but he admitted that, in the past, he had seen pedestrians illegally cross elsewhere on Route 70.

Defendant's expert also disputed any tailgating; but did not opine as to defendant's speed. He asserted that the pedestrian's improper crossing and disregard of oncoming vehicles caused the crash.

We are satisfied the State presented sufficient credible evidence for the jury to conclude that defendant was reckless. But, the State was also required to prove that defendant caused the victim's death. Defendant contends he was entitled to a specific instruction on causation, which the model jury charge on vehicular homicide requires "[i]f proximate cause is an issue." Model Jury Charges (Criminal), "Vehicular Homicide (N.J.S.A. 2C:11-5)" (rev. June 14, 2004), n.2; see also Model Jury Charges (Criminal), "Causation (N.J.S.A. 2C:2-3)" (approved June 10, 2013). The court delivered the model charge on vehicular homicide, but not the causation charge.

At the outset, we recognize that defense counsel did not expressly request a causation instruction. Defense counsel requested only that the court instruct the jury about the law governing crossing outside a crosswalk, which

the court rejected. Because defendant did not object to omitting a causation charge, the State contends that the plain error standard should apply.

An appellant may not raise an error or omission in a jury charge, except as plain error, unless he or she objected before the jury began deliberating. R. 1:7-2; see also R. 2:10-2 (stating that "the appellate court may, in the interests of justice, notice plain error not brought to the attention of the trial . . . court"). But an objection to the court's proposed instructions apparently would have been futile in this case. During the charge conference, the trial judge declared that causation was not an issue in the case. She did so after the prosecutor commented that the vehicular homicide charge allowed a causation instruction.[1] Thus, the matter was "brought to the attention of the trial . . . court," R. 2:10-2, albeit by the State; and, the trial court had the opportunity to remedy the omission, which is one reason Rule 1:7-2 requires objections to preserve an issue for appeal, see Bradford v. Kupper Assocs., 283 N.J. Super. 556, 573-74 (App. Div. 1995).

However, we need not decide whether, under these circumstances, defendant may avoid the "more demanding 'plain error standard.'" State v. Marrero, 148 N.J. 469, 507 (1997) (Handler, J., dissenting). We are satisfied that the omission of a causation instruction was plain error, as it was clearly

---

[1] The court adhered to that view in denying defendant's motion for a new trial.

capable of producing an unjust result.  See State v. Hock, 54 N.J. 526, 538 (1969) (stating that, in the context of jury instructions, plain error is a "legal impropriety . . . prejudicially affecting the substantial rights of the defendant and sufficiently grievous to . . . convince the court that of itself the error possessed a clear capacity to bring about an unjust result"); accord State v. Montalvo, 229 N.J. 300, 320-21 (2017).  Defendant had expressly placed causation in issue.  His expert opined that the pedestrian caused the accident, not defendant.  Omitting the causation instruction had the clear capacity to affect the jury's verdict.  See State v. Martin, 119 N.J. 2, 15 (1990) (holding omission of causation charge was plain error, stating that "[t]he need for an adequate charge on the question of causation is particularly compelling . . . [where] the State and defendant offered contrasting theories of causation, each supported by expert testimony").

We now explain why the instruction was required.  We begin with the definition of reckless vehicular homicide, which expressly includes a causation element.  "Criminal homicide constitutes reckless vehicular homicide when it is caused by driving a vehicle . . . recklessly."  N.J.S.A. 2C:11-5(a) (emphasis

added).  The Criminal Code defines what it means to act recklessly under the vehicular homicide statute.  State v. Buckley, 216 N.J. 249, 262 (2013).[2]

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct.  The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.
>
> [N.J.S.A. 2C:2-2(b)(3).]

See also State v. Huang, ___ N.J. Super. ___, ___ (App. Div. 2018) (slip op. at 6), aff'd o.b., ___ N.J. ___ (2019).  Excessive speed may satisfy the recklessness element.  Buckley, 216 N.J. at 262.

However, the State must also establish that the recklessness caused the death.  Ibid.  The State must establish that a defendant's conduct was "an antecedent but for which the result in question would not have occurred." N.J.S.A. 2C:2-3(a)(1).  In other words, the State need prove "the 'result' would not have occurred without the 'conduct.'"  Buckley, 216 N.J. at 267; see also State v. Jamerson, 153 N.J. 318, 336 (1998).

---

[2] By contrast, a person shall be guilty of the motor vehicle violation, "reckless driving," if he or she "drives a vehicle heedlessly, in willful or wanton disregard of the rights or safety of others, in a manner so as to endanger, or be likely to endanger, a person or property."  N.J.S.A. 39:4-96.

A-4802-17T4

In addition, in a case based on reckless behavior, the State must prove at least one of two forms of causation: (1) "the actual result must be within the risk of which the actor is aware"; or (2) "if not, the actual result must involve the same kind of injury or harm as the probable result." N.J.S.A. 2C:2-3(c); Buckley, 216 N.J. at 263. Only in the latter case, the State must also show that "the actual result . . . must not be too remote, accidental in its occurrence, or dependent on another's volitional act to have a just bearing on the actor's liability or on the gravity of his offense." N.J.S.A. 2C:2-3(c); Buckley, 216 N.J. at 263.

In a vehicular homicide case, the "actual result" is "the victim's death in the accident." Buckley, 216 N.J. at 264. "[W]hen the actual result occurs in the same manner and is of the same character as the . . . [risked] result, the causation element is satisfied." Martin, 119 N.J. at 12. On the other hand, "[w]hen the actual result is of the same character, but occurred in a different manner from that [risked]," then the jury must consider the second prong. Id. at 13. That is, it must "determine whether intervening causes or unforeseen conditions lead to the conclusion that it is unjust to find that the defendant's conduct is the cause of the actual result." Ibid.; see also State v. Pelham, 176 N.J. 448, 461 (2003) (following Martin in a vehicular homicide case).

Not every case will present a genuine issue of "but for" causation. In Buckley, the defendant, who allegedly lost control of his vehicle while driving at excessive speed, sought to introduce evidence that the victim-passenger did not wear a seat belt as required by law, and the lightpost with which the defendant-driver collided was improperly placed in front of a guardrail. Id. at 268-70. On leave to appeal, the State challenged the trial court's in limine ruling, which we affirmed, that both categories of evidence would be admissible. Id. at 255.

The Supreme Court reversed. The Court held that neither factor affected the "but for" analysis. Id. at 267, 269. The State had to prove merely that the "fatal accident would have been avoided" had the defendant not driven his vehicle "in the manner in which he did." Id. at 267. The seat belt and lightpost placement would not have avoided the accident. Id. at 267, 269. The Court noted that the defendant did not contend that the accident would have been avoided had the passenger worn a seat belt. Id. at 266.

The Court reached a different conclusion in Jamerson, finding that "but for" causation was an issue where the defendant-driver alleged that the victim-driver ran a stop sign. 153 N.J. at 336. The State alleged that the defendant was intoxicated and driving fast, when he impatiently pulled around a vehicle ahead of him, which was slowing to turn right onto a side street. Id. at 343.

At the same time, the victim-driver was turning left from the same side street to enter defendant's roadway in the opposite direction.  Id. at 326.  The defendant's vehicle struck the passenger side of the victim's vehicle, killing him and his wife next to him.  Id. at 326-27.  Because the defendant presented evidence that the victim ran the stop sign, the Court agreed that "but for" causation was in issue.  Id. at 336.  "[C]rucial to the issue whether defendant recklessly caused the victims' deaths was whether [the victim-driver] disobeyed the stop sign."  Id.; see also Buckley, 216 N.J. at 265-66 (noting that Jamerson concluded that the "victim's alleged disregard of [a] stop sign was relevant to 'but for' causation under N.J.S.A. 2C:2-3(a)").[3]

This case is more like Jamerson than Buckley.  As did the victim in Jamerson, the pedestrian here placed himself in defendant's path.  In Jamerson, the victim allegedly ran a stop sign.  Here, the victim crossed outside the crosswalk.  By contrast, in Buckley, the accident would have occurred, even if the passenger-victim wore his seat belt, and the lightpost were placed behind

---

[3] The Court went on to note, "Defendant contends that but for [the victim-driver] violating the stop-sign law, the collision would not have occurred." Jamerson, 153 N.J. at 336.  However, the fact that a victim's conduct may be a "but for" cause does not preclude a defendant's conduct from being a "but for" cause, too.  We understand the "but for" test to focus on the defendant's reckless conduct.  The State must prove that "but for" the defendant's reckless conduct, the result in question would not have occurred.  Put another way, if the jury believes that the accident would have occurred, even if the defendant were not reckless, then the State has not met its burden.

the guardrail. In this case, it was not conceded that "the fatal accident would have been avoided had defendant not driven . . . in the manner in which he did." Buckley, 216 N.J. at 267. Defendant contended that the pedestrian caused the accident. In sum, "but for" causation was in issue.

In this case, the court instructed the jury, as part of the model charge on vehicular homicide, that causation was one of three elements of the offense. But, the court's explanation of causation was limited to "but for" causation. Regarding causation, the judge stated only, "In order to find that the defendant caused [the victim's] death, you must find that [the victim] would not have died but for defendant's conduct." The court's instruction may have led the jury to believe that "but for" causation was all that the State had to prove to establish the causation element of the offense. But it was not the only aspect of causation that was in issue.

Turning to the other elements of causation, the Supreme Court in Buckley highlighted that remoteness, fortuity, and another's volitional act do not come into play if the State relies only on the first prong of N.J.S.A. 2C:2-3(c); Buckley, 216 N.J. at 264-66. If "the actual result . . . [was] within the risk of which the actor is aware," N.J.S.A. 2C:2-3(c), then "the element of causation is established under the first prong," Buckley, 216 N.J. at 264. As the State in Buckley chose to rely solely on the first prong, the Court deemed

11

irrelevant "evidence that [the victim's] failure to wear a seat belt exacerbated his chance of dying in the collision." Id. at 268.

Nonetheless, we presume that even if the State expressly limits its contention as in Buckley, the jury must still be informed that the State, to meet its burden, must persuade the jury beyond a reasonable doubt that the "the actual result [was] . . . within the risk of which the actor is aware," N.J.S.A. 2C:2-3(c); and if it was not, then the State has not met its burden. Notably, Buckley did not address the impact of the State's position on the jury instruction. As we noted, Buckley was presented to the court on leave to appeal from an in limine evidentiary ruling.

Unless the State explicitly limits its contentions as in Buckley, the jury must be given the option to find causation under either of the two prongs, assuming there is evidence raising an issue as to remoteness, fortuity, or another's volitional act. To find causation under the second prong, "N.J.S.A. 2C:2-3c requires the State to prove that in addition to recklessly causing death, the actual result 'must not be too accidental in its occurrence or too dependent on another's volitional act to have a just bearing on the actor's liability.'" State v. Eldridge, 388 N.J. Super. 485, 500 (App. Div. 2006). In Eldridge, two passengers died when the defendant drove into a tree. Id. at 488. To prove recklessness, the State presented evidence of the defendant's intoxication. Id.

at 489. But, the defendant blamed the collision on her intoxicated front seat passenger who, she said, tickled her, then pushed her face to the side, urging her to look at something. Id. at 491. We reversed the conviction because the trial judge failed to instruct "that the State was required to prove that the deaths of Eldridge's passengers were not the result of 'another's volitional conduct' or 'accidental,' pursuant to N.J.S.A. 2C:2-3(c)." Id. at 500.

In Jamerson, the Court also noted that essential to the defendant's causation defense was his contention "that the collision was so dependent on [the victim's] volitional act." 153 N.J. at 336. The Court held that it was harmful error to admit a medical examiner's opinion about what caused the accident, because it undermined the defense that the victim's failure to obey a stop sign caused the accident. Id. at 343. In sum, as the Court later observed about Jamerson, "[the] victim's alleged disregard of [the] stop sign was relevant to . . . both prongs of N.J.S.A. 2C:2-3(c), because that driving error, rather than defendant's impaired driving, could have caused [the] fatal accident." Buckley, 216 N.J. at 265-66.

Just as both prongs of N.J.S.A. 2C:2-3(c) were in issue in Jamerson and Eldridge, they were in issue in this case. Therefore, the court was required to deliver the model jury instruction that explains both forms of causation, molded appropriately to the facts. See Martin, 119 N.J. at 18.

13

Furthermore, the court erred in rejecting defendant's request that the court instruct the jury about the law governing crossing outside a crosswalk. Two aspects were relevant to the victim's actions. First, the law states, "No pedestrian shall leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield or stop." N.J.S.A. 39:4-36(a)(2). Second, the law states, "Every pedestrian upon a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway." N.J.S.A. 39:4-36(a)(4). Whether the victim acted unlawfully relates to whether a defendant may have contemplated the victim's actions. In other words, the unlawful nature of the victim's crossing should have been a factor for the jury in determining whether his fatality was "within the risk of which the actor [was] aware," and, if not, whether his fatality involved "the same kind of injury or harm as the probable result" of defendant's driving, and it was not "too remote, accidental in its occurrence, or dependent on [the victim's] volitional act . . . ." N.J.S.A. 2C:2-3(c).[4]

We reject the State's argument that <u>Buckley</u> permitted the court to omit the causation charge. We do so for three reasons. First, as we have discussed,

---

[4] For the sake of completeness, the court should have also instructed the jury that a driver retains "the duty to exercise due care for the safety of any pedestrian upon a roadway." N.J.S.A. 39:4-36(a)(5).

Buckley did not address jury instructions.  Second, the facts in this case are unlike those in Buckley, where "but for" causation was not at issue; and the accident would have occurred regardless of the victim-passenger's violation of the motor vehicle law.  Here, "but for" causation was disputed, and defendant contends that the accident would have been avoided had the victim-pedestrian not violated N.J.S.A. 39:4-36.

Third, the State did not expressly limit its contention to the first prong of N.J.S.A. 2C:2-3(c).  We discern no basis in the record for the State's argument that it "relied exclusively on the first prong of N.J.S.A. 2C:2-3(c)."  The State did not refer to the language of the prong in its opening or closing.  Even if it had, the court erred because it did not instruct the jury as to that prong.  However, as the State did not limit its contention as to causation, the court was required to instruct the jury as to both prongs.

In sum, the court was required to deliver the model charge on causation, and to deliver an instruction on N.J.S.A. 39:4-36.  The failure to do so was plain error.

Reversed and remanded for a new trial.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4802-17T4